No. 18,882.

FRED STECKEL, *Appellant*, v. REUBEN G. VANCIL, *Appellee.*

SYLLABUS BY THE COURT.

1. ISLANDS LYING IN NAVIGABLE STREAMS—*Disposition of—Construction of Statute.* The provision of the act of 1907, authorizing the disposal of all "islands" lying in navigable streams, applies to all lands the title to which is in the state by reason of their having originated as islands in a navigable river, including any that may have ceased to be islands in fact before the enactment of the statute.

2. SAME—*Deed by the State—Held Not to Pass Title to Unsurveyed Islands in Navigable Streams.* A deed by the state to a railroad company of "all of" a certain section, through which a navigable river runs, will be construed, in the absence of anything to suggest a contrary intention, as passing title only to the lands shown by the government survey, and not as including an unsurveyed island.

3. SAME—*Occupation Does Not Estop the State from Asserting Title.* The fact that individuals are permitted to occupy and use public land as their own for a long term of years does not estop the state to assert title to it.

4. SAME—*Title to Islands Remains in the State.* The title to a small unsurveyed island, existing in a navigable river at the time of the admission of Kansas into the Union, is regarded as being in the state as against any one but the federal government.

Appeal from Barton district court; DANIEL A. BANTA, judge. Opinion filed June 6, 1914. Affirmed.

*William Osmond, Elrick C. Cole,* both of Great Bend, and *Charles M. Williams,* of Hutchinson, for the appellant.

*F. Dumont Smith,* of Hutchinson, for the appellee.

The opinion of the court was delivered by

MASON, J.: Fred Steckel brought ejectment against Reuben G. Vancil. The plaintiff claimed the land as an accretion to lots owned by him bordering on the Arkansas river, and also by virtue of a long-continued possession. The defendant claimed as a purchaser from the state under the statute authorizing islands in navigable rivers to be disposed of as school land. The issues of fact were determined by a jury in favor of the defendant. Judgment was rendered on the verdict, and the plaintiff appeals.

The statute referred to reads:

"All islands lying in the navigable streams of this state, wherein the title to said islands is vested in the state of Kansas, may be sold according to the procedure for the sale of state school land." (Laws 1907, ch. 373, Gen. Stat. 1909, § 8202.)

It was found by the jury that the land in controversy was originally an island, but that it had ceased to be one prior to the enactment of this law. The plaintiff contends that as the statute refers only to "islands," it has no application to any lands which were not in fact islands at the time it was passed. We think, however, that the obvious purpose of the legislature was to provide for the disposition of all lands the title to which is in the state by reason of their having originated as islands in a navigable river, and that its language must be construed accordingly.

A part of the land in controversy is situated within the boundaries of a section which was conveyed by the state to the Atchison, Topeka & Santa Fe Railway Company in 1893. The plaintiff contends that his own prior possession entitles him to a recovery as to this

tract, inasmuch as the defendant acquired nothing by his purchase, because the state had already parted with its title. The state in deeding to the railway company "all of" a certain section would not be regarded as parting with its title to everything within the boundary of the section. It could not absolutely divest itself of the title to the bed of a navigable stream. But apart from this incapacity it would not be deemed to intend such a divestiture. Such a conveyance is to be interpreted with reference to the government survey, and the natural inference is that its purpose was to pass title to the tracts there shown, with an implied reservation of the bed of the stream, including any unsurveyed islands. This view finds additional support in the fact that the railroad company has deeded away by specific description all the land in the section shown by the survey, and has never (so far as shown) made claim to any of the land in dispute.

The plaintiff also contends that the state, by acquiescing for a long period in the occupancy and use of the land in controversy by individuals, was estopped to claim title, and could pass no better right to the defendant. He concedes that limitation and prescription do not run against the state, but maintains that it enjoys no immunity from equitable estoppel, citing *State v. Livingston,* (Iowa, 1914) 145 N. W. 91. That case seems to support the contention, but the usual rule is to the contrary. (16 Cyc. 780. See, also, *Hopper v. Nation,* 78 Kan. 198, 96 Pac. 77; *The State, ex rel., v. Akers,* ante, p. 169, 140 Pac. 637.) In *Winters v. Myers,* ante, p. 414, it is held that the legislature can not waive the state's claim to land in circumstances similar to those here presented. It necessarily follows that the state is not precluded on equitable grounds from asserting its title.

Complaint is made of the failure of the court to instruct in effect that if the land in controversy was an island at the time the state was admitted to the

Union the title is still in the general government. Where islands of considerable size and value, in territory composing a part of the public domain, exist in a navigable stream at the time of the formation of a state, the fact that they have not been surveyed does not prevent the retention of title by the general government. (*Scott v. Lattig*, 227 U. S. 229.) But ordinarily small unsurveyed islands, of which the Department of the Interior takes no note, are regarded as having been treated by the government as a part of the bed of the stream, and no individual can found a right on the supposed title of the United States. (*Grand Rapids & Indiana R'd Co. v. Butler*, 159 U. S. 87; *Whitaker v. McBride*, 197 U. S. 510; *United States v. Chandler-Dunbar Co.*, 209 U. S. 447.) In such circumstances their ownership depends upon the local law. (Note, 35 L. R. A., n. s., 227.) In a state where the title of the riparian owner is regarded as extending to the thread of a navigable stream, such islands become the property of the owner of the adjoining land. (Note, 35 L. R. A., n. s., 228.) But by the same reasoning, where the title of the riparian owner stops at the river bank, as in this state, the islands which are treated as a part of the bed of the stream become the property of the state. In the present case the fair presumption is that when Kansas was admitted to the Union the island here involved either did not exist at all or was so inconsiderable in size that the surveyor purposely omitted it. If the United States should see fit to claim it a different question would be presented, but the plaintiff can not assert title in its behalf.

The plaintiff sued for all the land lying between certain lots and the river. One of the lots named is situated mainly in the southwest quarter of section 33, but extends for a short distance into the southeast quarter. The defendant in his answer made claim to all the land described in the petition, but his certificate of purchase described the land he had bought from the.

state as an island situated partly in the southeast quarter of section 32 and partly in the southwest quarter of section 33. The plaintiff contends that he was at least entitled to a judgment for the land he claimed in the southeast quarter of section 33, since the defendant's certificate does not cover that. This particular question does not appear to have been presented to the trial court. It seems probable that in fact the defendant's claim extends to the entire tract, and that the description in his certificate is inaccurate.

The judgment is affirmed.